UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 03-355 |
| SOKOTO BULLOCK | SECTION "L" |

### ORDER AND REASONS

Pending before the Court is Petitioner Sokoto Bullock's Motion for Compassionate Release. R. Doc. 761. The government opposes the motion. R. Doc. 764. Having considered the parties' arguments and the applicable law, the Court now rules as follows.

I.  BACKGROUND

On March 31, 2004, Sokoto Bullock pled guilty to conspiracy to distribute and possession with the intent to distribute of more than 500 grams but less than 5 kilograms of cocaine hydrochloride, in violation of Title 21, United States Code, Sections 841(b)(1)(B) and 846. R. Doc. 185. On August 4, 2004, Mr. Bullock was sentenced to 120 months in the custody of the Bureau of Prisons, to be followed by an eight-year term of supervised release. He served his sentence and was subsequently released on supervised release.

On November 8, 2019, while Mr. Bullock was on supervised release, the government filed a Rule to Revoke Supervised Release based on an arrest and subsequent conviction in Orleans Parish Criminal District Court. R. Doc. 730. On March 5, 2020, Mr. Bullock appeared before this Court and was sentenced to 37 months of imprisonment to run consecutively to the sentence imposed in Orleans Parish Criminal court. R. Doc. 748 at 2. Mr. Bullock is currently incarcerated at Talladega FCI with a projected release date of March 24, 2023.

II.     **PRESENT MOTION**

On February 24, 2021, Mr. Bullock filed the instant *pro se* motion for compassionate release. R. Doc. 761.. Mr. Bullock argues that extraordinary and compelling circumstances exist that justify his early release because he suffers from high blood pressure and is therefore at high risk if he were to contract COVID-19, and he has an infected leg injury which has required surgery. *Id.* In sum, Mr. Bullock contends that his release would allow him to get the medical care he needs. *Id.*

The government opposes Mr. Bullock's request for release. R. Doc 764. The government first argues that Mr. Bullock has not exhausted his administrative remedies as required by 18 U.S.C. §3582(c)(1)(A) because he did not petition his warden for release at least 30 days prior to filing the instant motion. *Id.* at 8. Even so, the government also maintains that Mr. Bullock's alleged medical conditions do not amount to extraordinary and compelling circumstances that would warrant his release. *Id.* at 14, 21. While the government recognizes that high blood pressure is a factor that "might" increase the risk of severe illness according to the CDC, this alone is not sufficient to make Bullock's case "extraordinary." *Id.* at 21. In addition, the government avers that Mr. Bullock's leg injury is not severe and has been treated with antibiotics and ibuprofen. Lastly, the government argues that the Court should deny Mr. Bullock's motion because the statutory factors set forth in Section 3553(a) weight against his release. *Id.* at 21-23.

III.    **LAW & DISCUSSION**

    a.  **Exhaustion of Administrative Remedies**

Title 18, United States Code §3582(c), governing compassionate release, provides:

> The court may not modify a term of imprisonment once it has been imposed except. . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the

>lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. §3582(c). In *United States v. Franco*, the Fifth Circuit emphasized that "all requests for compassionate release must be presented to the Bureau of Prisons before they are litigated in the federal courts." 973 F.3d 465, 468 (5th Cir. 2020), *cert. denied*, No. 20-5997, 2020 WL 7132458 (U.S. Dec. 7, 2020). The defendant bears the burden of demonstrating exhaustion. *See, e.g., United States v. Littles,* No. CR 15-104, 2021 WL 2592916, at *2 (E.D. La. June 24, 2021); *United States v. Rodriguez*, No. 15-198, 2020 WL 5369400, at *2 (E.D. La. Sept. 8, 2020); *United States v. Murray*, No. 19-041, 2020 WL 4000858, at *2 (E.D. La. July 15, 2020). The Fifth Circuit has also held that this statutory requirement is a mandatory claim-processing rule that must be enforced if properly invoked by the government. *Id*. at 465-69.

Here, Mr. Bullock failed to comply with the exhaustion requirement. R. Doc. 764 at 12. Mr. Bullock has not alleged that he sought relief from the warden prior to his filing of the present motion for compassionate release, nor has he provided any evidence of such request. In addition, his BOP case worker affirmed that no such request has been made to date. R. Doc. 764 at 12. Accordingly, the Court concludes that Mr. Bullock, who bears the burden of proof on this issue, has not demonstrated that he is entitled to seek relief from the Court at this juncture. *See* 18 U.S.C. § 3582(c)(1)(A).

Beyond being mandatory, efficient use of judicial resources dictates that BOP evaluate the merits of Mr. Bullock's request for compassionate release based on the required information before directing the motion to the Court. The Court recognizes that BOP is in the best position to understand both the specific threat posed to Mr. Bullock's health by the COVID-19 within the facility and the potential consequences of his early release.

### IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Mr. Bullock's motion for Compassionate Release, R. Doc. 761, is **DENIED WITHOUT PREJUDICE** to his right to re-file the motion once the applicable administrative remedies have been exhausted.

New Orleans, Louisiana, this 22nd day of July, 2021.

                                                   *Eldon E. Fallon*
                                              UNITED STATES DISTRICT JUDGE